UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| BRUCE NORWOOD | CASE NO. 3:19-CV-00256 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SONNY PERDUE, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion to Dismiss [Doc. No. 16] filed by Defendants Sonny Perdue, Secretary of the United States Department of Agriculture; Clarence Hawkins ("Hawkins"); and Vernell Wilson-Williams ("Wilson-Williams"), pursuant to Federal Rule of Civil Procedure 12 (b)(6). Defendants move to dismiss the claims of Plaintiff Bruce Norwood ("Norwood") against Hawkins and Wilson-Williams because they are not proper Defendants. Additionally, Defendants move to dismiss Norwood's claim for age discrimination because he failed to allege facts that would show he suffered any adverse employment action on the basis of his age.

### I. FACTS AND PROCEDURAL HISTORY

This suit arises from Norwood's claim that the United States Department of Agriculture ("USDA") did not select him for promotion to Supervisory Loan Specialist (Gen) (Area Director), GS-1165-12/13 with the Rural Development office in Monroe, Louisiana, because of his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634.

According to his Complaint, Norwood is an older male with over thirty-seven (37) years of experience with USDA. [Doc. No. 1, ¶ 13]. At the time of the alleged harm, Norwood worked as a loan specialist at the USDA Rural Development office in Monroe. *Id.* at ¶ 13. In June 2015, Norwood applied for the Supervisory Loan Specialist (Gen) GS-1165-12/13 ("Area Director")

1

position (vacancy no. LA-2015-179). Id. at ¶ 5. Norwood was placed on the "best qualified list" and granted an interview. *Id.* at ¶ 8. Norwood was not selected for the position. *Id.* at ¶ 24. Instead, a younger woman was chosen, Wilson-Williams. *Id.* at ¶ 24.

Norwood claims that he was more qualified than the selectee but did not receive the promotion because of his age.[1] *Id.* at ¶¶ 25- 26.

According to Norwood, the decision to hire Wilson-Williams instead of him is a failure by the USDA to hire according to its own policies and procedures, and this specific failure ostensibly constitutes discrimination against Norwood based on age. *Id.* at ¶16. Specifically, Norwood alleges that his age "played a role" in the USDA's decision not to select him for the position "as defendant Hawkins made comments about retirement because of his age and length of service." Id. at ¶ 27. However, Norwood fails to identify what the alleged age-related comments were, to whom they were directed, and when they were made. Norwood does not state his own age or the age of the selectee, Wilson-Williams. Norwood simply maintains that he is "an older gentleman" and that Wilson-Williams is a "younger female." *Id.* at ¶ 24.

The relevant ROI ("Record of Investigation") which Norwood routinely references in his Complaint identifies his date of birth as September 15, 1957, and Wilson-Williams' date of birth as December 6, 1965.

On February 27, 2019, Norwood filed a Complaint in this Court.

On July 9, 2019, a Notice of Intent to Dismiss issued for failure to effect service within ninety (90) days. When that failure was not remedied, on August 7, 2019, the lawsuit was

---

[1] Two additional persons, Cheryl Rodgers and Steven Brister, make similar allegations of discrimination based on their non-selection for the same position in two additional, separate lawsuits. *See Cheryl Rodgers v. Sonny Perdue, et al.*, 19-00253 (W.D. LA. February 27, 2019); *Steven Brister v. Sonny Perdue, et al.*, 19-00258 (W.D. LA. February 27, 2019). Defendants have filed motions to dismiss in those cases as well.

dismissed.

On September 6, 2019, within thirty (30) days, Norwood moved to re-open the case. That motion was granted. [Doc. No. 7].

On January 21, 2020, Defendants filed the instant motion. Any opposition to the motion was due no later than February 11, 2020. No opposition was filed.

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Taylor v. Books A Million*, 296 F.3d 37 6, 378 (5th Cir. 2002) (citation omitted). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez*, 577 F.3d at 603 (quoting Iqbal, 556 U.S. at 678, (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.*

### B. ADEA

#### 1. Claims Against Hawkins and Wilson-Williams

Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge

any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA authorizes suits against employers for age discrimination. *See* 29 U.S.C. § 623(a). "The Supreme Court has . . . held that the ADEA is to be construed in accordance with Title VII [of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, prohibiting other forms of employment discrimination]. *See Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988). "Under Title VII . . . the proper defendant is 'the head of the department, agency, or unit, as appropriate.'" *Id.* (quoting 42 U.S.C. § 2000e–16(c)); 29 U.S.C. § 794a(a)(1) (adopts Title VII procedures). Thus, the appropriate defendant to be sued under the ADEA is the same person as under Title VII. In the private sector, Fifth Circuit precedent is clear that individuals are not liable under the ADEA. *See Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees,* 709 Fed. App'x. 243, 247 (5th Cir. 2017) (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001)) (citation omitted).

The head of the USDA is the Secretary of Agriculture. Norwood has failed to state factual allegations or cite this Court to any law which would allows claims to be asserted against individual Defendants Hawkins and Wilson-Williams. Therefore, Norwood has failed to state a claim against the remaining individual Defendants, and they must be dismissed.

### 2. Norwood's Age Discrimination Allegations

When a plaintiff alleges age discrimination, "liability depends on whether the protected trait actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000). That is, the individual's age must have "actually played a role in [the employer's decision making] process and had a determinative influence on the outcome." *Id.* Therefore, by a preponderance of the evidence, the plaintiff must prove that age was the "but-for" cause of the challenged adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009).

A plaintiff may prove his case by direct or circumstantial evidence. *Reeves*, 530 U.S. at 141. Evidence is direct when it "proves the fact of discriminatory animus without inference or presumption." *Terry v. Promise Hosp. of Ascension, Inc.*, CIV.A. No. 13–128–SDD, 2014 WL 4161581, at *5 (M.D. La. Aug. 19, 2014). Evidence is circumstantial when an inference is required for the evidence to tend to prove discriminatory animus. *Id.* In order for comments to constitute direct evidence of age discrimination, they must be "1) age related; 2) proximate in time to the termination; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012) (citing *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir.1996) (abrogated on other grounds by *Spears v. Patterson UTI Drilling Co.*, 337 Fed. App'x. 416, 419 (5th Cir. 2009)).

If a plaintiff lacks direct evidence, courts employ the burden-shifting framework of *McDonnell–Douglas*. *Reeves*, 530 U.S. at 142–43. At the first step of that framework, a plaintiff must establish a prima facie case of discrimination by showing that: (1) he was over 40 years of age; (2) qualified for the position; (3) not promoted; and (4) the position was filled by someone younger. *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013). When the selectee is also in the age-protected class, the analysis becomes a comparator of the age between the age-protected applicants. Specifically, a comparator need not be outside the protected group, under age 40, but must be substantially younger than the complainant. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 at 311 (1996).

To state a plausible claim for unlawful discrimination, a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim." *Chim v. Univ. of Texas*, 836 F.3d 467, 470 (5th Cir. 2016). At the pleading stage, a plaintiff is not required to "make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Nevertheless, the plaintiff's complaint

still must plausibly address "the ultimate question in a Title VII disparate treatment claim," that is, "whether a defendant took the adverse employment action against a plaintiff because of [his or] her protected status." *Raj*, 714 F.3d at 331. Likewise for the ADEA. See Leal, 731 F.3d at 412.

In this case, the Complaint includes no factual allegations that could support Norwood's conclusory assertions of discriminatory motivation. Norwood claims the USDA failed to hire according to its own policies and procedures, but, even if true, such claims do not constitute age discrimination on their face. Additionally, Norwood theorizes that age was a factor in his non-selection because the alleged decision maker "made comments about retirement because of [Norwood's] age and length of service." *Id.* ¶ 26. But these alleged comments are insufficiently detailed to show direct or indirect evidence of discrimination. *See E.E.O.C. v. Tex. Instruments*, 100 F.3d 1173, 1181 (5th Cir. 1996) ("This court has repeatedly held that 'stray remarks' do not demonstrate age discrimination."). In summary, Norwood has failed to assert the facts needed to raise [his] claims above a speculative level"). *See Bauer v. Albemarle Corp.,* 169 F.3d 962, 967 (5th Cir.1999) ("[A]n employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief.").

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED, and Norwood's Complaint is DISMISSED WITH PREJUDICE.

Monroe, Louisiana, this 14th day of February, 2020.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**